IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY WILEY, and DYLAN LEAFTY,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSETTA MCALLISTER, RN; and JESSE N., Patient;<br><br>Defendants. | 8:20CV265<br><br>MEMORANDUM AND ORDER |

Plaintiffs Timothy Wiley and Dylan Leafty, both nonprisoners,[1] filed a joint Motion for Leave to Proceed In Forma Paupers ("IFP"). (Filing 2.) Pursuant to 28 U.S.C. § 1915(a)(1), the court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." "[I]f multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." *Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010); *cf. Black Elk v. Roy*, No. 18-CV-3255 (DWF/LIB), 2019 WL 885641, at *1 (D. Minn. Feb. 5, 2019), *report and recommendation adopted sub nom. Elk v. Roy*, No. CV 18-3255 (DWF/LIB), 2019 WL 858671 (D. Minn. Feb. 22, 2019) ("If [one Plaintiff] cannot proceed IFP, then none of the Plaintiffs to

---

[1] Plaintiffs' Complaint (filing 1) indicates they are both committed to a state mental institution. Thus, Plaintiffs are not "prisoners" within the meaning of the PLRA. *See Reed v. Clarke*, No. 4:04CV3168, 2005 WL 1075092, at *1 n.1 (D. Neb. May 5, 2005) ("The plaintiff is presently in the Lincoln Regional Center pursuant to a mental health commitment. The Prison Litigation Reform Act ('PLRA') does not apply to persons in custody pursuant to the Mental Health Commitment Act, as the definition of 'prisoner' in the PLRA does not include a person involuntarily committed for reasons of mental health.") (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir.2001)).

this litigation may proceed IFP if they are jointly prosecuting this matter." (citing *Anderson*, *supra*)).

The court cannot clearly ascertain whether the statements regarding available assets and outstanding obligations in Plaintiffs' IFP motion apply to both individuals or only one of them. Thus, the court cannot determine whether each Plaintiff qualifies for IFP status. Accordingly, the court will require Plaintiff Wiley and Plaintiff Leafty to each submit a separate motion for leave to proceed IFP. Alternatively, Plaintiffs have the choice of submitting the $400.00 filing and administrative fees to the clerk's office. Failure to take either action within 30 days will result in the court dismissing this case without further notice.

Plaintiffs must note that any proposed pleading or document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See* Fed. R. Civ. P. 11. A non-attorney cannot file or sign papers for another litigant. Plaintiffs are WARNED that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

IT IS THEREFORE ORDERED that:

1.  Plaintiffs' joint Motion for Leave to Proceed IFP (filing 2) is denied without prejudice to reassertion in a motion to proceed in forma pauperis that complies with 28 U.S.C. § 1915 filed by each individual Plaintiff.

2.  Plaintiffs are directed to submit the $400.00 fees to the clerk's office or submit individual requests to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3.  The clerk of the court is directed to send one Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") to Plaintiff Wiley and one Form AO240 to Plaintiff Leafty.

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **August 10, 2020**: Check for MIFP or payment.

Dated this 10th day of July, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge