IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY WILEY, <br><br> Plaintiff, <br><br> vs. <br><br> ROSETTA MCALLISTER, RN, and JESSE N., Patient, <br><br> Defendants. | 8:20CV265 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff, who resides at the Norfolk Regional Center ("NRC"), filed his Complaint on July 6, 2020. (Filing 1.) He has been given leave to proceed in forma pauperis. (Filing 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a patient at the NRC, sues a nurse in her individual capacity and a fellow patient under 42 U.S.C. § 1983. Plaintiff purports to bring a "terroristic threats" claim against fellow patient Jesse N. and "[r]acism and discrimination" claims against registered nurse Rosetta McAllister. (Filing 1 at CM/ECF pp. 3-4.) Plaintiff alleges that on the morning of June 29, 2020, Jesse N. told Plaintiff "he's gonna snap our necks, kill us, or beat us up." Plaintiff's Complaint states that Defendant McAllister refused to punish Jesse N., but instead put Plaintiff on "interfering restrictions." According to Plaintiff, McAllister said she is "scared of black people because they're always intimidating." (Filing 1 at CM/ECF p. 4.) Plaintiff claims that Defendant McAllister's subordinates never impose

consequences on Jesse N., so he is likely to continue threatening Plaintiff. (*Id.*) Plaintiff states that he suffered an extreme anxiety attack the evening of this incident, causing numbness in his legs and arms and seizures. (*Id.* at CM/ECF p. 5.) Plaintiff requests $300,000 in damages from each Defendant.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Claims Against Nurse McAllister

#### 1.  Failure to Protect

Plaintiff appears to be alleging a failure-to-protect claim against Nurse McAllister in her individual capacity—that is, McAllister failed to discipline patient Jesse N. after he threatened to kill Plaintiff, nor has she imposed such punishment in the past, making it likely that Jesse N. will continue to threaten, and perhaps harm, Plaintiff.

"[G]overnment officials have 'an unquestioned duty to provide reasonable safety for all residents and personnel within [an] institution' where people are involuntarily committed." *Hall v. Ramsey Cty.*, 801 F.3d 912, 918 (8th Cir. 2015) (quoting *Youngberg v. Romeo,* 457 U.S. 307, 324 (1982)). "Although an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004).

It is well established that the Eighth Amendment "requires prison officials to 'take reasonable measures to guarantee' inmate safety by protecting them from attacks by other prisoners." *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "[B]ecause an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply." *Revels*, 382 F.3d at 874. Instead, "[t]he rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment." *Id.* This distinction makes little difference as a practical matter, however, because the Fourteenth Amendment provides civilly committed individuals and other detainees "at least the same level of constitutional protection as the Eighth Amendment." *Nelson v. Shuffman,* 603 F.3d 439, 446 n.3 (8th Cir. 2010) (failure-to-protect claims

3

brought by detainee living in sex-offender treatment center evaluated under standards applicable to prisoners' failure-to-protect claims).

"Prison officials act unreasonably—thereby violating the Eighth Amendment—when they are deliberately indifferent to a 'substantial risk of serious harm.'" *Nelson*, 603 F.3d at 446 (quotation marks and citations omitted). To prove deliberate indifference, an inmate must make two showings: "The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834) (internal citation omitted). The deprivation is "'objectively, sufficiently serious,' [under the first requirement when] the official's failure to protect resulted in the inmate being 'incarcerated under conditions posing a substantial risk of serious harm.'" *Young*, 508 F.3d at 872 (quoting *Farmer*, 511 U.S. at 834). "An official is deliberately indifferent [under the second requirement] if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Id.* at 873 (citing *Farmer*, 511 U.S. at 844-45).

Here, Plaintiff alleges that fellow patient Jesse N. threatened to kill him, caused physical damage by doing so, and is likely to continue doing so because of Defendant McAllister's repeated failure to discipline Jesse N. when he makes such threats. This is adequate to allege a Fourteenth Amendment failure-to-protect claim against Defendant McAllister.

### 2. Discrimination & Racism

Plaintiff charges Defendant McAllister with discrimination and racism for saying she is "scared of black people because they're always intimidating." (Filing 1 at CM/ECF p. 4.) One instance of offensive language is not sufficient to state a section 1983 claim. *Ellis v. Houston*, 742 F.3d 307, 328 (8th Cir. 2014) ("in numerous cases we have concluded that some amount of race-related insults or

4

derogatory comments does not create an actionable hostile work environment under either Title VII or § 1983" (citing cases)); *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) ("[U]nless it is pervasive or severe enough to amount to racial harassment," the "use of racially derogatory language . . . will not itself violate the fourteenth amendment"); *Quevedo-Andretti v. Nebraska Dep't of Health & Human Servs.*, No. 8:15CV31, 2015 WL 6142954, at *4 (D. Neb. Oct. 19, 2015) (plaintiff's allegation that Norfolk Regional Center employees used offensive and demeaning language toward him did not state claim of constitutional dimension). Therefore, these claims will be dismissed for failure to state a claim upon which relief can be granted.

## B.  Claims Against Jesse N.

Plaintiff's section 1983 claim against fellow patient Jesse N. must be dismissed because Jesse N. is not alleged to be a state actor. *Brown v. Dep't of Health & Human Servs.*, No. 8:16CV245, 2017 WL 1495987, at *4 (D. Neb. Apr. 26, 2017) ("The court has also previously informed Plaintiff that he does not have cognizable § 1983 claims against his fellow inpatients [at state regional center], as they are not state actors . . . ."); *Brown v. Dep't of Health & Human SVS*, No. 8:14CV298, 2014 WL 6980448, at *4 (D. Neb. Dec. 9, 2014) (1983 claim against fellow regional-center inpatient dismissed because plaintiff "did not allege this fellow inpatient is a state actor and therefore has not stated a plausible claim against him pursuant to § 1983").

## IV.  CONCLUSION

The only claim that shall proceed to service of process is Plaintiff's Fourteenth Amendment failure-to-protect claim against Defendant Rosetta McAllister, RN, in her individual capacity. Accordingly,

IT IS ORDERED:

1.    Plaintiff's Fourteenth Amendment failure-to-protect claim against Defendant Rosetta McAllister, RN, in her individual capacity shall proceed to service of process.

2.    Plaintiff's 42 U.S.C. § 1983 claims against Defendant McAllister for "discrimination" and "racism" and against fellow inpatient Jesse N. for "terroristic threats" are dismissed for failure to state a claim upon which relief can be granted.

3.    For service of process on Defendant Rosetta McAllister, RN, in her individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address **1700 N. Victory Road, P.O. Box 1209, Norfolk, NE 68702-1209** and forward them together with a copy of the Complaint (Filing 1) and a copy of this Memorandum and Order to the Marshals Service.[1]

4.    **The Marshals Service shall serve** Defendant Rosetta McAllister, RN, personally in her individual capacity at the **Norfolk Regional Center, 1700 N.**

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

**Victory Road, P.O. Box 1209, Norfolk, NE 68702-1209**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Westlaw 2020).

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. The Clerk of Court is directed to set the following pro se case management deadline: March 3, 2021—Check for completion of service of process.

DATED this 2nd day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge