IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY WILEY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ROSETTA MCALLISTER, RN;<br><br>　　　　　　Defendant. | 8:20-CV-265<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter comes before the Court on Plaintiff's, Timothy Wiley's, request for a temporary restraining order. Filing 26. The Court denies Wiley's motion.

　　　　Wiley has filed a request for a restraining order against Defendant, Rosetta McAllister. Filing 26. According to Wiley, McAllister responded inappropriately and threatened him when he suffered an adverse reaction to his COVID-19 vaccine and tried to call 911 for help. Filing 26 at 1. He requests "a restraining order due to her threats." Filing 26 at 2. Wiley's request is signed but not stated under oath or notarized. Filing 26 at 2.

　　　　As an initial matter, Wiley's request fails because his allegations are not set forth in affidavit form. See Fed. R. Civ. P. 65(b) (requiring "specific facts in an affidavit" to support issuance of a temporary restraining order).

　　　　Furthermore, Wiley's request for a restraining order is unrelated to the allegations in his Complaint. The purpose of injunctive relief is to preserve the status quo and prevent irreparable harm until the court has had an opportunity to rule on the merits of the lawsuit. See *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 & n.5 (8th Cir. 1981); Fed. R. Civ. P. 65(b). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."

1

*Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). A moving party is not entitled to injunctive relief based on assertions that are different from the conduct asserted in the complaint, even if the new assertions might support additional claims against the same defendants. *See id.* (affirming denial of preliminary injunction when incarcerated plaintiff's complaint alleged inadequate medical treatment in violation of the Eighth Amendment, but his motion for a preliminary injunction alleged other retaliatory conduct by prison officials).

Wiley's Complaint alleges "racism and discrimination" against McAllister. Filing 1 at 4. In his Complaint, he claims that McAllister failed to discipline an employee who threatened Wiley and that McAllister has made racist comments to him. Filing 1 at 4. Thus, his alleged claim of mistreatment relating to his COVID-19 vaccine reaction are entirely unrelated to the claims of racism made in his Complaint. *Compare* Filing 1, *with* Filing 26.

Lastly, even if Wiley's motion were premised upon conduct related to the Complaint, he has not "clearly show[n] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(a). Therefore, the Court denies Wiley's motion for temporary restraining order. Accordingly,

IT IS ORDERED:

1. Plaintiff's request for a restraining order, Filing 26, is denied.

Dated this 9th day of February, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge