IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIMOTHY JOSEPH CARROLL,

  Plaintiff,

vs.

ROSETTA MCALLISTER, RN;

  Defendant.

8:20-CV-265

**MEMORANDUM AND ORDER**

## I.   INTRODUCTION

Timothy Joseph Carroll has sued Rosetta McAllister in her individual capacity under 42 U.S.C. § 1983 for violating his Fourteenth Amendment rights by failing to protect him from a fellow involuntarily committed patient. Before the Court is McAllister's Motion for Summary Judgment, Filing 41, and Carroll's Motion for Injunctive Relief. Filing 47. For the reasons stated herein, the Court grants McAllister's motion and denies Carroll's motion.

## II.   BACKGROUND

Norfolk Regional Center ("NRC") is a public psychiatric hospital which provides inpatient mental-health and sex-offender treatment to committed patients. Filing 42-1 at 2. Carroll is an involuntarily committed patient at NRC and is in its sex offender treatment program. Filing 42-1 at 2. Pursuant to its sex-offender treatment program, NRC engages in a three-phase process to help patients accept responsibility, give and receive feedback, utilize coping skills, and build motivation

1

for completing the program. Filing 42-1 at 2. McAllister is a registered nurse at NRC. Filing 1 at 2; Filing 44-5 at 1.

Carroll alleges that a fellow patient at NRC, who he calls Jesse, routinely threatens NRC patients, including Carroll. Filing 42-5 at 15–17. Jesse makes these threatening remarks when other patients are laughing, talking, or otherwise making too much noise while he is watching television. Filing 42-5 at 15–17. Moreover, Carroll contends that Jesse has made sexual comments at him. Filing 42-5 at 16. Jesse has never attacked or sexually assaulted Carroll.[1] Filing 42-5 at 18.

Carroll has a history of severe anxiety attacks and claims to have suffered attacks two or three times a week while living with his parents prior to his involuntary commitment at NRC. Filing 42-5 at 5–6; 10. According to Carroll, when he experiences an attack he shakes, has shortness of breath, and his chest tightens. Filing 42-5 at 10. Carroll claims to experience anxiety attacks daily at NRC. Filing 42-5 at 6. Carroll alleges that Jesse's threatening comments caused him to experience a severe anxiety attack on June 29, 2020. Filing 1 at 5; Filing 42-5 at 24–26.

According to Carroll, McAllister has reprimanded Jesse for making threating remarks, but has not disciplined Jesse by putting him on unit-restriction status.[2] Filing 42-5 at 20, 22–23. Carroll believes that McAllister should place Jesse on unit-restriction status to dissuade him from making threatening remarks. Filing 42-5 at 21. Pursuant to NRC rules, McAllister is not allowed to unilaterally institute unit-restriction status for a patient. Filing 42-3 at 5. Since NRC transferred Carroll to a different unit in August of 2020, Carroll has not interacted with Jesse. Filing 42-5 at 18; Filing 44-2 at 1.

---

[1] In his deposition, Carroll admitted he has no knowledge of Jesse attacking other patients at NRC. Filing 42-5 at 19.
[2] Unit restriction is the most serious program restriction at NRC that restricts nearly all of a patient's activities to ensure the safety of the NRC community. Filing 42-3 at 5.

2

On July 6, 2020, Carroll filed this lawsuit, alleging that McAllister has failed to protect him from Jesse in violation of his Fourteenth Amendment rights. Filing 1 at 4. McAllister filed her Motion for Summary Judgment on July 9, 2021. Filing 41. On July 16, 2021, Carroll filed a Motion for Injunctive Relief. Filing 47.

### III. ANALYSIS

#### A. Standard of Review

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (citing *Celotex*, 477 U.S. at 323). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to

support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than 'the mere existence of *some* alleged factual dispute'" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

### B. Carroll's Failure-to-Protect Claim

In her Motion for Summary Judgment, McAllister argues that she is entitled to summary judgment on the merits or, alternatively, enjoys qualified immunity on Carroll's claim. Filing 45 at 8–9. Carroll responds by disputing McAllister's contention that she could not unilaterally place Jesse on unit-restriction status, and that her failure to do so constitutes deliberate indifference to his safety. Filing 55 at 4. He argues that while the NRC rules purport not to allow McAllister to unilaterally move Jesse to unit-restriction status, in the past McAllister has unilaterally placed Carroll and other patients on unit-restriction status. Filing 55 at 4. The Court concludes that McAllister enjoys qualified immunity on Carroll's claim.

"Qualified immunity shields officials from civil liability in § 1983 actions when their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable

4

person would have known.'" *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Courts engage in a two-step inquiry when a party asserts qualified immunity: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Id.* (quoting *Nord v. Walsh Cnty.*, 757 F.3d 734, 738 (8th Cir. 2014)). Both questions must be answered affirmatively to defeat a defense of qualified immunity. *Id.* "And, courts are 'permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.'" *Nord*, 757 F.3d at 738–39 (quoting *Pearson*, 555 U.S. at 236).

A right is clearly established if it is "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012) (alteration in original) (internal quotation marks omitted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). "[T]he longstanding principle" is that "'clearly established law' should not be defined 'at a high level of generality.'" *Morgan*, 920 F.3d at 523 (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017)). Rather, "[T]he clearly established law must be 'particularized' to the facts of the case." *White*, 137 S. Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "There need not be a case 'directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.'" *Morgan*, 920 F.3d at 524 (quoting *Ashcroft*, 563 U.S. at 741). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (per curiam) (internal quotation marks omitted)). Carroll has the burden of showing that the law is clearly established. *Id.*

5

After examining Eighth Circuit caselaw, the Court concludes that McAllister's not placing Jesse on unit-restriction status did not violate clearly established law. The Eighth Circuit recognizes that "[G]overnment officials have 'an unquestioned duty to provide reasonable safety for all residents and personnel within [an] institution' where people are involuntarily committed." *Hall v. Ramsey Cnty.*, 801 F.3d 912, 918 (8th Cir. 2015) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982)). The Fourteenth Amendment protects the rights of involuntarily committed patients. *See Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) ("The rights of patients in psychiatric hospitals . . . arise under the Fourteenth Amendment."). To recover under 42 U.S.C. § 1983, an involuntarily confined patient must prove that a state actor intentionally violated the duty to provide a reasonably safe environment, "or was deliberately indifferent to a known excessive risk to patient safety (such as assault by another patient)." *Elizabeth M. v. Montenez,* 458 F.3d 779, 786 (8th Cir. 2006).

The record shows that McAllister reprimanded Jesse for making threatening remarks to other patients. Filing 42-5 at 20, 22–23. While Carroll wishes that McAllister would have placed Jesse on unit-restriction status, McAllister's failure to do so does not rise to the level of a constitutional violation. McAllister's inability to stop threatening remarks entirely is not a violation of clearly established law. *See Pagels v. Morrison*, 335 F.3d 736, 740–41 (8th Cir. 2003) ("[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm."). The undisputed evidence shows McAllister did not "intentionally violate[] the duty to provide a reasonably safe environment" nor was she "deliberately indifferent to a known excessive risk to" Carroll with respect to Jesse's comments. *Montenez,* 458 F.3d at 786 ("To recover under § 1983 for a breach of [the duty to provide a reasonably safe environment], a plaintiff must prove that a state official either intentionally

6

violated the duty (such as criminal assault by a staff member) or was deliberately indifferent to a known excessive risk to patient safety (such as assault by another patient)."). Carroll has a right to a "reasonably safe environment," not to have his fellow patients disciplined according to his wishes. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding that allegations regarding actions of prison officials in handling prisoner's grievances were insufficient to state a constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that inmates have no "liberty interest" in the processing of their grievances, such as would support § 1983 claim for prison official's failure to pick up his completed grievance forms); *Merryfield v. Jordan*, 431 Fed. App'x 743, 749 (10th Cir. 2011) (holding civilly committed sex offender lacked any federal constitutional right to an adequate grievance procedure).

### C. Carroll's Motion for Injunctive Relief

In his Motion for Injunctive Relief, Carroll claims that a nonparty, Diane Schumacher, took away his legal materials and that another nonparty, Don Whitmar, instituted a staff-assisted phone call restriction for his unit. Filing 47 at 1–2. Carroll requests an injunction to "accommodate[] [his] disability under the ADA." Filing 47 at 2. This request is denied. First, Schumacher is a nonparty to this case, and Carroll's allegation that Schumacher removed his legal materials is unrelated to the issues currently before the Court. *See Thompson v. Freeman*, 648 F.2d 1144, 1147 (8th Cir. 1981) (noting that a nonparty can be enjoined under Federal Rule of Civil Procedure 65(d) when "its interests closely 'identify with' those of the defendant, when the nonparty and defendant stand in 'privity,' or when the defendant 'represents' or 'controls' the nonparty"); *Johnson v. Hamilton*, 452 F.3d 967, 973–74 (8th Cir. 2006) (affirming summary judgment on claim based on denial of access to legal materials when the plaintiff did not present any evidence that supported a finding that he was injured or prejudiced). Second, the alleged phone call restriction by nonparty Whitmar

7

is wholly unrelated to his current claims. Finally, this case is a claim under 42 U.S.C. § 1983, not a claim under the Americans with Disabilities Act. The Court denies Carroll's motion.

## IV. CONCLUSION

McAllister's actions did not violate clearly established law, and thus she is entitled to qualified immunity. Accordingly,

IT IS ORDERED:

1. McAllister's Motion for Summary Judgment, Filing 41, is granted;
2. Carroll's Motion for Injunctive Relief, Filing 47, is denied;
3. Carroll's Complaint, Filing 1, is dismissed; and
4. The Court will enter a separate judgment.

Dated this 28th day of October, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge